IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SUSIE GRISSOM
*On behalf of*
Z.N.E., A MINOR                                                                              PLAINTIFF

vs.                                          Civil No. 4:15-cv-04021

CAROLYN W. COLVIN                                                                DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Susie Grissom ("Plaintiff") brings this action on behalf of Z.N.E., a minor, pursuant to §

205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial

review of a final decision of the Commissioner of the Social Security Administration ("SSA")

denying Z.N.E.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed an SSI application on behalf of Z.N.E. on July 17, 2010.  (Tr. 311-

317).  With this application, Plaintiff alleges Z.N.E. is disabled due to type I diabetes.  (Tr. 341).

Plaintiff alleges Z.N.E.'s onset date was September 1, 2004.  (Tr. 341).  This application was denied

initially and again upon reconsideration.  (Tr. 11, 51-60).  Thereafter, Plaintiff requested an

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

administrative hearing on Z.N.E.'s application, and this hearing request was granted.  (Tr. 172).

An ALJ held a hearing on August 2, 2011, at which Plaintiff testified while represented by her attorney, Greg Giles.  (Tr. 88-102).  On October 3, 2012, the Appeals Council reviewed the transcript when Plaintiff filed a request for review.  (Tr. 68, 159-161).  The Appeals Council ordered the ALJ to review evidence and give further consideration to whether Z.N.E. had severe diabetes. (Tr. 159-161).  On February 27, 2013, the ALJ held a second hearing at which Plaintiff testified and was represented by an attorney, Greg Giles.  (Tr. 103-124).  On July 9, 2013, the ALJ held a third hearing where Plaintiff and two medical experts testified.  (Tr. 125-143).

On August 30, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of Z.N.E.  (Tr. 68-81).  In this decision, the ALJ determined Z.N.E. was born on September 26, 2002 and was a preschooler on the date her application was filed and was currently a school-age child.  (Tr. 71, Finding 1).  The ALJ determined Z.N.E. had not engaged in Substantial Gainful Activity ("SGA") since her application date.  (Tr. 71, Finding 2).  The ALJ determined Z.N.E. had the following severe impairments: diabetes mellitus and bipolar disorder.  (Tr. 73, Finding 3).  The ALJ also determined, however, that none of Z.N.E.'s impairments met, medically equaled, or were functionally equivalent to the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4 ("Listings").  (Tr. 71, Findings 4-5).

In assessing whether Z.N.E.'s impairments were functionally equivalent to the Listings, the ALJ assessed six domains of functioning.  (Tr. 71-80, Finding 5).  Specifically, the ALJ determined Z.N.E. had the following limitations in the six domains of functioning: (1) no limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3) less than marked limitation in interacting and relating with others; (4 ) less than marked limitation in

moving about and manipulating objects; (5) no limitation in the ability to care for herself; and (6) less than marked limitation in health and physical well-being.  *Id.*  Based upon these findings, the ALJ determined Z.N.E. had not been under a disability, as defined by the Act, at any time from the date Plaintiff's application was filed through the date of his decision.  (Tr. 80, Finding 6).

Thereafter, on September 27, 2013, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision.  (Tr. 61).  On December 19, 2014, the Appeals Council declined to review this unfavorable decision. (Tr. 1-4).  On February18, 2015, Plaintiff filed the present appeal. ECF No. 1.  The Parties consented to the jurisdiction of this Court on March 6, 2015.  ECF No. 6. Both Parties have filed appeal briefs.  ECF Nos. 9-11.  This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child.  On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required.  *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2010, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924.  First, the ALJ must determine whether the minor child has engaged in substantial gainful activity.  If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment.  If a severe impairment is found, the ALJ will proceed to the third step.  At this step, the ALJ, must consider whether the impairment meets, or is

medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1.  A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing.  *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning.  The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being.  *See* 20 C.F.R. § 416.926a(b)(1).  If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing.  *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished).  A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e)*.*  An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities.  *See id.*  "Extreme" limitation is the rating the Commissioner gives to the most serious limitations.  *See id.*

3.      **Discussion:**

In her appeal, Plaintiff is proceeding *pro se*.  Plaintiff filed her appeal brief (ECF No. 9) and a supplemental brief was filed on behalf of Plaintiff by a non attorney representative.  ECF No. 11.

A specific point Plaintiff raises on appeal is difficult to ascertain from the briefing. It appears Plaintiff argues substantial evidence does not support the ALJ's decision and that the ALJ erred in finding Z.N.E. did not have an impairment that satisfied functional equivalence in the broad areas of development and functioning. ECF No. 9, 11. In response, Defendant argues the ALJ properly determined Z.N.E.'s impairments did not meet, medically equal, or functionally equal the requirements of any of the Listings. ECF No. 10.

### A. Functional Equivalence

As noted above, to determine whether a child's impairments are functionally equivalent to a Listing, the SSA considers the following six domains of functioning: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). The Court will address the six domains of functioning.

### 1. Acquiring and Using Information

Acquiring and using information concerns how well a child is able to acquire or learn information and how well a child uses the information he has learned. *See* 20 C.F.R. § 416.926a(g). This domain involves how well a child perceives, thinks about, remembers, and uses information in all settings, which includes daily activities at home, at school, and in the community. *See id.*

In the present action, the ALJ found Z.N.E. had no limitation in acquiring and using information. (Tr. 75-76). Based upon a review of the record, this finding is supported by substantial evidence. At the July 9, 2013 hearing, pediatrician Dr. Alvin Jaffee, reviewed the medical evidence and indicated Z.N.E. did not meet or equal a listed impairment. (Tr. 74, 129-133, 309). Dr. Jaffee also testified Z.N.E. had no limitations in the six domains, except general health and well being,

which he said was less than marked. (Tr. 74, 132-133). Also, Z.N.E.'s teachers completed a Teacher Questionnaire regarding the six domains. (Tr. 383-390). In the domain of acquiring and using information, the teachers rated Z.N.E. as only having a slight problem in understanding and participating in class discussions and providing organized oral explanations and adequate descriptions. (Tr. 384).

There is no indication Z.N.E. has a marked limitation in this domain of functioning. Thus, this Court finds the ALJ's assessment in this domain of functioning is supported by substantial evidence in the record.

### 2. Attending and Completing Tasks

This domain considers how well a child is able to focus and maintain attention and how well he is able to begin, carry through, and finish activities, including the mental pace at which he performs activities and the ease of changing activities. *See* 20 C.F.R. § 416.926a(h). Attending and completing tasks also refers to a child's ability to avoid impulsive thinking and his ability to prioritize competing tasks and managing his time. *See id.*

In this case, the ALJ found Z.N.E. had a less marked limitation in attending and completing tasks. (Tr. 76-77). This finding is supported by substantial evidence. As the ALJ found, Plaintiff testified Z.N.E. began having some difficulty in school, but finished the fourth grade and would start fifth grade the next school year. (Tr. 77, 140). In this domain, the teachers rated Z.N.E. as having an obvious problem daily in organizing her things or school materials and only a slight problem for waiting to take turns and paying attention when spoken to directly. (Tr. 385).

There is no indication Z.N.E. has a marked limitation in this domain of functioning. Thus, this Court finds the ALJ's assessment in this domain of functioning is supported by substantial

evidence in the record.

### 3.  Interacting and Relating with Others

This domain of functioning considers how well a child is able to initiate and sustain emotional connections with others, develop and use the language of the community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others.  *See* 20 C.F.R. § 416.926a(i).  Interacting and relating with others relates to all aspects of social interaction at home, at school, and in the community.  *See id.*  Because communication is essential to both interacting and relating, this domain considers speech and language skills children need to speak intelligently and to understand and use the language of their community.  *See id.*

In this case, the ALJ found Z.N.E. had a less than marked limitation in this domain of functioning.  (Tr. 77-78).  In this domain, Z.N.E.'s teachers indicated there was an obvious problem playing cooperatively with other children, making and keeping friends, seeking attention appropriately, expressing anger appropriately, and respecting/obeying adults in authority.  (Tr. 386).  The teachers rated Z.N.E. with only a slight problem with asking permission appropriately, following rules, and using language appropriate to the situation and the listener.  *Id.*  Also, as previously mentioned, Dr. Jaffee testified Z.N.E. had no limitations in the six domains, except general health and well being, which he said was less than marked.  (Tr. 74, 132-133).

Upon review of the transcript in this action, there is no credible evidence in the record establishing Z.N.E. has a marked limitation in this domain of functioning.  Based upon this evidence, this Court finds the ALJ's assessment in this domain of functioning is supported by substantial evidence in the record.

### 4.  Moving About and Manipulating Objects

This domain considers how well a child is able to move his body from one place to another

and how a child moves and manipulates objects.  *See* 20 C.F.R. § 416.926a(j).  These activities may require gross motor skills, fine motor skills, or a combination of both.  *See id.*  Limitations in this domain can be associated with musculoskeletal and neurological impairments, other physical impairments, medications or treatments, or mental impairments.  *See id.*

In this case, the ALJ found Z.N.E. had less than marked limitation in moving about and manipulating objects. (Tr. 78-79).  Z.N.E.'s teachers found Z.N.E. had  no problems in this domain (Tr. 387).  The ALJ found Z.N.E. had less than marked limitations because she has to have the school nurse check her blood sugar and has been removed from physical education because of her diabetes.  (Tr. 78-79).

There is no indication in the transcript that Z.N.E. has a marked limitation in this domain. Thus, this Court finds the ALJ's assessment in this domain of functioning is supported by substantial evidence in the record.

### 5.  Caring for Yourself

This domain considers how well a child maintains a healthy emotional and physical state, including how well a child satisfies his physical and emotional wants and needs in appropriate ways. *See* 20 C.F.R. § 416.926a(k).  This includes how the child copes with stress and changes in the environment and how well the child takes care of his own health, possessions, and living area.  *See id.*

In this case, the ALJ found Z.N.E. had no limitation in his ability to care for herself.  (Tr. 79-80).  In this domain, the teachers rated Z.N.E. with only having a slight problem handling frustration appropriately, being patient when necessary, responding appropriately to changes in her mood, using appropriate coping skills to meet daily demands of school environment, and cooperating in or being responsible for taking needed medications.  (Tr. 388).

There is no indication in the transcript that Z.N.E. has a marked limitation in this domain.
Thus, this Court finds the ALJ's assessment in this domain of functioning is supported by substantial
evidence in the record.

### 6.  Health and Physical Well-Being

This domain considers the cumulative physical effects of physical and mental impairments
and any associated treatments or therapies on a child's health and functioning that were not
considered in the evaluation of the child's ability to move about and manipulate objects.  *See* 20
C.F.R. § 416.9292a(l).  Unlike the other five domains of functional equivalence, which address a
child's abilities, this domain does not address typical development and functioning.  *See id.*  The
"Health and Physical Well-Being" domain addresses how recurrent illness, the side effects of
medication, and the need for ongoing treatment affect the child's health and sense of physical well-
being.  *See id.*

In this case, the ALJ found Z.N.E. had a less than marked limitation in his health and
physical well-being.  (Tr. 80).  In this domain, the teachers rated Z.N.E. as not being able to answer
questions as well when she had low blood sugar and being defiant, hyper, and nauseous when her
blood sugar was high.  (Tr. 389).  Also, Dr. Jaffee testified Z.N.E. had no limitations in the six
domains, except general health and well being, which he said was less than marked.  (Tr. 74,
132-133).

There is no indication in the transcript that Z.N.E. has an extreme limitation in this domain.
Thus, this Court finds the ALJ's assessment in this domain of functioning is supported by substantial
evidence in the record.

### 4.    Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff on behalf of Z.N.E. is supported by substantial evidence and should be affirmed.  A

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

52 and 58.

   **ENTERED this 18th day of August 2015.**

                                            /s/   Barry A. Bryant
                                            HON. BARRY A. BRYANT
                                            U.S. MAGISTRATE JUDGE